LYSSA S. ANDERSON
Nevada Bar No. 5781
RYAN W. DANIELS
Nevada Bar No. 13094
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Fax: (702) 796-7181
landerson@kcnvlaw.com
rdaniels@kcnvlaw.com

*Attorneys for Defendants*
*Sheriff Joseph Lombardo,*
*Officer D. Coyne and Officer G. Anton*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAWANN BOWIE,<br><br>      Plaintiff,<br>vs.<br><br>OFFICER D. COYNE, in his official capacity as Las Vegas Metropolitan Peace Officer; OFFICER G. ANTON, in his official capacity as Las Vegas Metropolitan Peace Officer; SHERIFF JOE LOMBARDO, in his official capacity as Las Vegas Metropolitan Police Sheriff; CITY OF CLARK COUNTY NEVADA,<br><br>      Defendants. | CASE NO.: 2:18-cv-00686-GMN-PAL<br><br>**STIPULATION TO EXTEND DISCOVERY**<br><br>(First Request) |

Jawann Bowie ("Plaintiff"), Officer Daniel Coyne, Officer George Anton and Sheriff Joseph Lombardo ("LVMPD Defendants") and Clark County ("County") stipulate and request to extend the discovery cut-off date for ninety (90) days to allow the parties additional time to conduct discovery. The current cut-off date is November 14, 2018 but the parties agree it should

be continued until **February 12, 2019**.  The parties respectfully request the Court enter an order to extend discovery to provide the parties adequate time to conduct discovery in this case.

I.     **DISCOVERY COMPLETED TO DATE**

LVMPD Defendants have provided their Initial Rule 26 Disclosures to Plaintiff and the County.  LVMPD Defendants served their initial written discovery requests (Interrogatories, Requests for Production of Documents and Requests for Admissions) on the same date the parties filed this Stipulation.

II.    **DISCOVERY YET TO BE COMPLETED**

Little discovery in this matter has been completed.  Plaintiff will respond to LVMPD Defendants' initial written discovery requests.  Plaintiff and the County will provide the parties with their Initial Rule 26 Disclosures and will serve written discovery as well.

LVMPD Defendants will serve various third-party subpoenas upon receipt of Plaintiff's discovery responses.  The parties will conduct the depositions of the individual parties, Rule 30(b)(6) witnesses and other third-party witnesses as necessary.  The parties will retain and timely disclose expert and any necessary rebuttal expert reports.

III.   **REASONS WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED**

As this Court is aware, Plaintiff is representing himself in Proper Person.  Plaintiff filed suit in the Eighth Judicial District Court which the LVMPD Defendants removed.  In responding to the Complaint, both LVMPD Defendants and the County filed Motions to Dismiss.  [ECF Nos. 6 and 12].  The Motions to Dismiss are fully briefed and pending before the Court.

Because the parties did not submit a Proposed Discovery Plan and Scheduling Order, this Court issued a Scheduling Order on August 2, 2018.  [ECF No. 20].   The Scheduling Order required the parties to hold a Rule 26(f) Conference by August 15, 2018, which the parties did.  [ECF No. 22].  LVMPD Defendants served their Initial Rule 26 Disclosures and initial written

discovery requests. However, the Scheduling Order provides that initial expert reports are to be disclosed by September 14, 2018. In short, the parties have not had the opportunity to conduct discovery to provide to any expert at this point.

As stated above, Plaintiff is representing himself in Proper Person; it is anticipated that there may be delays. Moreover, Plaintiff and many of the third-party witnesses to the incident described in the Complaint reside outside the state of Nevada and the medical treatment Plaintiff has received for the injuries he alleges in the Complaint has been in another State. As such, it will take additional time and effort to obtain information and documents in discovery. For these reasons, the parties ask for more time to complete discovery.

## IV. PROPOSED EXTENDED DEADLINES

The parties respectfully request this Court enter an order as follows:

**(A)    Discovery Deadline.**

The current discovery cut-off date of November 14, 2018, should be extended for a period of ninety (90) days, up to and including **February 12, 2019**.

**(B)    Experts and Rebuttal Experts.**

The parties, and each of them, shall disclose their experts to each other at least sixty (60) days before the discovery cut-off date, or by **December 14, 2018**. The parties, and each of them, shall disclose rebuttal experts at least thirty (30) days after the initial date for disclosure of experts, or by **January 14, 2019**.

**(C)    Dispositive Motions.**

All pretrial motions, including but not limited to, discovery motions, motions to dismiss, motions for summary judgment, and all other dispositive motions shall be filed and served no later than thirty (30) days after the close of discovery, or by **March 14, 2019**.

**(D)    Motions in Limine/*Daubert* Motions.**

Under LR 16-3(b), any motions in limine, including *Daubert* motions, shall be filed and served 30 days prior to the commencement of Trial. Oppositions shall be filed and served and the motion submitted for decision 14 days thereafter. Reply briefs will be allowed only with leave of the Court.

**(E)    Pretrial Order.**

Pursuant to LR 26(1)(e)(5), the Joint Pretrial Order shall be filed with this Court no later than thirty (30) days after the date set for filing dispositive motions, or by **April 13, 2019**, unless dispositive motions are filed, in which case the date for filing the Joint Pretrial Order shall be suspended until 30 days after the decision on the dispositive motions or further order of this Court. The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections shall be included in the final pretrial order.

**(F)    Interim Status Report.**

In accordance with LR 26-3, not later than 60 days before the discovery cut-off, the parties shall submit an interim status report stating the time they estimate will be required for trial giving 3 alternative available trial dates, and stating whether in the opinion of counsel who will try the case, trial will be eliminated or its length affected by substantive motions. The status report shall be signed by counsel for each party or the party, if appearing in *pro se*. The parties shall file the interim status report by **December 14, 2018**.

**(G)    Extensions or Modification of the Discovery Plan and Scheduling Order.**

In accordance with LR 26-4, applications to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR 6-1, be supported by a showing of good cause for the extension. All motions or stipulations to extend a deadline set forth in a discovery plan shall be received by the Court not later than 21 days before

1  the expiration of the subject deadline.  A request made after the expiration of the subject deadline

2  shall not be granted unless the movant demonstrates that the failure to set was the result of

3  excusable neglect.  Any motion or stipulation to extend a deadline or to reopen discovery shall

4  include:

5      (a)    A statement specifying the discovery completed;

6      (b)    A specific description of the discovery that remains to be completed;

7      (c)    The reasons why the deadline was not satisfied or the remaining discovery was

8  not completed within the time limits set by the discovery plan; and

9      (d)    A proposed scheduled for completing all discovery.

10  This request for an extension is made in good faith, jointly by the parties hereto, to allow

11  the parties adequate time for discovery.  This request is timely.  Trial is not yet set in this matter

12  dispositive motions have not yet been filed.  Accordingly, this extension will not delay this case.

13  Moreover, since this request is a joint request, neither party will be prejudiced.  The extension

14  will allow the parties the necessary time to prosecute this case.

15  DATED this 21st day of August, 2018

16

17  By:  /s/ Lyssa S. Anderson      By:  /s/ Jawann Bowie
    LYSSA S. ANDERSON      JAWANN BOWIE

18      (Nevada Bar No. 5781)      1143 S. Prairie
    RYAN W. DANIELS      Inglewood, CA, 90301

19      (Nevada Bar No. 13094)
    1980 Festival Plaza Dr.      *Plaintiff in Proper Person*

20      Las Vegas, Nevada 89135

21  *Attorneys for Defendants*
    *Sheriff Joseph Lombardo, Officer D.*

22  *Coyne and Officer G. Anton*

23

24

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

2199961_1.doc  [6943.151]

By: /s/ Jason B. Patchett
JASON B. PATCHETT
(Nevada Bar No. 13928)
500 S. Grand Central Pkwy.
Las Vegas, NV 89155

*Attorney for Clark County*

**IT IS SO ORDERED:** August 23, 2018

_____
UNITED STATES MAGISTRATE JUDGE
CASE NO.: 2:18-cv-00686-GMN-PAL

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135